IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

ASBURY MS CHEV LLC d/b/a GRAY                                    PLAINTIFF
DANIELS CHEVROLET

v.                                              Civil No. 3:17cv958-HSO-LRA

RONALD EDWARD GOODING                                            DEFENDANT

## MEMORANDUM OPINION AND ORDER DENYING PLAINTIFF'S MOTIONS [5][9] FOR PRELIMINARY INJUNCTION

BEFORE THE COURT are the Motion [5] for Preliminary Injunction and Amended Motion [9] for a Preliminary Injunction, both filed by Plaintiff Asbury MS CHEV LLC d/b/a Gray Daniels Chevrolet ("Gray Daniels"). The Court finds that the Motions should be denied.

## I. BACKGROUND

A.  Gray Daniels' Complaint

On December 4, 2017, Gray Daniels filed a Complaint [1] and Demand for Arbitration against Defendant Ronald Gooding ("Gooding"). Gray Daniels alleges it employed Gooding as a vehicle salesman from May 22, 2014, until he was terminated on or about October 14, 2017. Compl. [1] at 2. In essence, Gray Daniels' Complaint claims that Gooding has launched an online "tirade" against Gray Daniels via social media websites. *Id.* at 2-6. For example, on November 16, 2017, Gooding allegedly "posted a lengthy list of false accusations against Gray Daniel employees," including: "adultery; race discrimination and racism, generally;

misuse of company assets; embezzlement; wire fraud; conspiracy to commit fraud; and sabotage." *Id.* at 4.

The Complaint raises three claims against Gooding. First, Gray Daniels brings a defamation claim, contending that Gooding's online statements were false and harmed Gray Daniels' reputation and financial interests. *Id.* at 6-7. Gray Daniels also asserts a defamation *per se* claim for Gooding's statements concerning Gray Daniels' trade and business and his accusations that Gray Daniels committed crimes. *Id.* at 7. Lastly, Gray Daniels pleads a claim of tortious interference with business relations, which also stems from Gooding's alleged statements. *Id.* at 8. The Complaint seeks injunctive relief and money damages. *Id.* at 9.

B.  Gray Daniels' Motion for Temporary Restraining Order

On December 4, 2017, Gray Daniels filed a Motion [3] for a Temporary Restraining Order, requesting that this Court "enter a Temporary Restraining Order requiring Gooding to immediately cease and desist his publication of any defamatory content attacking the business practices and reputation of Gray Daniels and its employees, including removing any existing content from public view." Mot. [3] at 3. Gray Daniels' Motion recited a number of Gooding's purported online posts and alleged that the "statements made by Gooding are patently false" such that it will be able to show that Gooding committed defamation. Pl.'s Mem. [4] at 3-6. On December 6, 2017, the Court entered an Order [6] Denying Plaintiff's Motion for Temporary Restraining Order, concluding that Gray Daniels did not carry its burden of establishing the required elements for such relief. Order [6] at

4-10.

C.  Gray Daniels' Motions for Preliminary Injunction

On December 5, 2017, Gray Daniels filed a Motion [5] for a Preliminary Injunction. Gray Daniels did not file a memorandum brief in support of that Motion,[1] and the record does not indicate that Gray Daniels served Gooding with the Motion.[2] In this Motion, Gray Daniels alleges that Gooding has posted "false, offensive, defamatory and threatening statements directed at Gray Daniels on Facebook, Google and other social media." Mot. [5] at 1-2. According to Gray Daniels, Gooding made the following accusations:

> (i) Gray Daniels has committed crimes and civil rights violations, and engages in racial discrimination; (ii) Gray Daniels' employees are morally unfit and incapable of performing in automotive dealer industry and trade; (iii) Gray Daniels discharged Gooding because of his reporting alleged improper personal conduct of Gray Daniels' employees; (iv) Gray Daniels had attempted to bribe Gooding to conceal the 'crimes' alleged by Gooding; and (v) Gray Daniels has engaged in thievery and rip-offs.

*Id.* at 2.

The Motion requests that this Court "enter a preliminary injunction requiring Gooding to immediately cease and desist his publication of any defamatory content attacking the business practices and reputation of Gray Daniels and its employees, including removing any existing content from public view." *Id.*

---

[1] Local Uniform Civil Rule 7(b)(4) provides: "At the time the motion is served, other than motions or applications that may be heard ex parte or those involving necessitous or urgent matters, counsel for movant must file a memorandum brief in support of the motion." The Court questions whether this matter is so urgent as to dispose of the requirement that the Court and Gooding be apprised, through a memorandum brief, of the legal authority in support of Gray Daniels' position.

[2] Federal Rule of Civil Procedure 65(a)(1) states: "The court may issue a preliminary injunction only on notice to the adverse party."

at 3. On December 7, 2017, Gray Daniels filed its Amended Motion [9] for a Preliminary Injunction. This Amended Motion is essentially a verbatim copy of Gray Daniels' original Motion [5] for a Preliminary Injunction. Gray Daniels did not file a memorandum brief in support of the Amended Motion. Gray Daniels served Gooding with the Amended Motion by mail. Am. Mot. [9] at 4. To date, Gooding has not filed a response.

II. <u>DISCUSSION</u>

A. <u>Legal Standard</u>

Preliminary injunctions are governed by Rule 65 of the Federal Rules of Civil Procedure. The party moving for a preliminary injunction must establish four elements: (1) a substantial likelihood of success on the merits; (2) a substantial threat that the movant will suffer irreparable injury if the preliminary injunction is denied; (3) that the threatened injury outweighs any damage that the preliminary injunction might cause the defendant; and (4) that the preliminary injunction will not disserve the public interest. *Jackson Women's Health Org. v. Currier*, 760 F.3d 448, 452 (5th Cir. 2014).

A preliminary injunction is an extraordinary remedy that should not be granted unless the party seeking it has clearly carried the burden of persuasion on all four requirements. *PCI Transp., Inc. v. Fort Worth & W. R.R. Co.*, 418 F.3d 535, 545 (5th Cir. 2005). Further, the Fifth Circuit has held that injunctive relief, particularly in the preliminary stages of litigation, requires an unequivocal showing of the need for relief to issue. *Valley v. Rapides Par. Sch. Bd.*, 118 F.3d 1047, 1050

(5th Cir. 1997). "The decision to grant a preliminary injunction is to be treated as the exception rather than the rule." *Miss. Power and Light Co. v. United Gas Pipeline Co.*, 760 F.2d 618, 621 (5th Cir. 1985).

B. <u>Gray Daniels' Request Does Not Satisfy the Four Elements for Injunctive Relief.</u>

Gray Daniels has not clearly carried its burden on the four requirements for a preliminary injunction. The Court will address these requirements in turn.

  1. <u>Gray Daniels Has Not Shown a Substantial Likelihood of Success on the Merits on Its Claims.</u>

Gray Daniels asserts that it has a substantial likelihood of success on the merits "given the odious malice and falsity of Gooding's comments." Am. Mot. [9] at 2. "To determine the likelihood of success on the merits, we look to the standards provided by the substantive law." *Valley*, 118 F.3d at 1051. Because the Court's jurisdiction in this case is based upon diversity of citizenship pursuant to 28 U.S.C. § 1332, the Court must consider the substantive law of Mississippi. *See Lake Charles Diesel, Inc. v. General Motors Corp.*, 328 F.3d 192, 197 (5th Cir. 2003) (citing *Erie Railroad v. Tompkins*, 304 U.S. 64 (1938)).

  a. <u>Defamation</u>

To establish a claim for defamation in Mississippi, the plaintiff must prove four elements: "(1) a false and defamatory statement concerning plaintiff; (2) unprivileged publication to third party; (3) fault amounting at least to negligence on part of publisher; (4) and either actionability of statement irrespective of special harm or existence of special harm caused by publication." *Armistead v. Minor*, 815

5

So. 2d 1189, 1193 (Miss. 2002). Gray Daniels has not met its burden of showing the first element for several reasons.

"The threshold question in a defamation suit is whether the published statements are false." *Id.* at 1194. "Truth is a complete defense" to a defamation claim, and the "plaintiff bears the burden to prove such falsity." *Id.* Mississippi law only requires that the statements be "substantially true." *Id.* "[T]he statement is not considered false, unless it 'would have a different effect on the mind of the reader from that which the pleaded truth would have produced.'" *Id.* (quoting *Masson v. New Yorker Magazine, Inc.*, 501 U.S. 496, 517 (1991)). Gray Daniels alleges that Gooding made false statements regarding Gray Daniels committing crimes, racial/employment discrimination, and workplace retaliation. Gray Daniels has not referenced or submitted any evidence by way of affidavits, testimony, or documents to support its conclusory assertion that these statements are false. Gray Daniels' Motion [3] for a Temporary Restraining Order was denied partly for this reason. Order [6] at 6. Gray Daniels has still not put forth any such evidence in support of its Motions [5][9] for a Preliminary Injunction.

In addition, "name calling and verbal abuse" are generally not actionable as defamation. *Johnson v. Delta–Democrat Publ'g Co.*, 531 So. 2d 811, 814 (Miss. 1988). In a defamation action, the Constitution protects words that are "no more than rhetorical hyperbole," or "a vigorous epithet." *Milkovich v. Lorain Journal Co.*, 497 U.S. 1, 17 (1990) (quoting *Greenbelt Cooperative Publishing Assn., Inc. v. Bresler*, 398 U.S. 6, 14 (1970)). Similarly protected are statements which "could

6

not reasonably have been interpreted as stating actual facts about the" individual. *Hustler Magazine, Inc. v. Falwell*, 485 U.S. 46, 50 (1988). Many of the alleged statements that Gray Daniels attached as an exhibit appear to fall into this category, such as twisting Plaintiff's name to "ASSBURY," telling Gray Daniels to "KISS MY DUCK," or calling Gray Daniels "THE DEVIL." Mot. Ex. B. [5-2] at 11-14

The Supreme Court of Mississippi has stated that "opinion statements are actionable only if they clearly and unmistakably imply the allegation of undisclosed false and defamatory facts as the basis for the opinion." *Ferguson v. Watkins*, 448 So. 2d 271, 276 (Miss. 1984). "[T]he relevant inquiry is whether the statement could be reasonably understood as declaring or implying a provable assertion of fact." *Roussel v. Robbins*, 688 So. 2d 714, 723 (Miss. 1996) (citations omitted). Here, some of Gooding's statements appear to be more in the nature of opinions, such as his affirmation that "I've had enough injustice and abuse of power . . . both corporate and legal," and "The truth doesn't care what your opinion is." Mot. Ex. B. [5-2] at 5, 8. Gray Daniels has not shown how statements such as these would not qualify as opinion statements.

To support a defamation claim, the defamatory statement "must have clearly been directed toward the plaintiff." *Franklin v. Thompson*, 722 So. 2d 688, 692 (Miss. 1998). Several of the challenged statements are not clearly directed at Gray Daniels itself, as a number of Gooding's comments concern individual employees of Gray Daniels. As this Court stated in the Order [6] Denying Plaintiff's Motion for

7

Temporary Restraining Order, it is not clear whether Gray Daniels would have standing to pursue defamation claims on behalf of the individual employees at whom a number of Gooding's statements are directed. Gray Daniels has not shown a sufficient basis both in law and in fact that these statements against employees give rise to a defamation claim brought by their employer. This is not sufficient to sustain Gray Daniels' burden of showing a substantial likelihood of success on the merits.

    b.  <u>Tortious Interference with Business Relations</u>

To establish a claim for tortious interference with a business relationship, a party must show that:

> (1) the acts were intentional and willful; (2) the acts were calculated to cause damage to a plaintiff in its lawful business; (3) the acts were done with the unlawful purpose of causing damage and loss, without right or justifiable cause on the part of the defendant (which constitutes malice); and (4) actual damage and loss resulted.

*Progressive Cas. Ins. v. All Care, Inc.*, 914 So. 2d 214, 218 (Miss. Ct. App. 2005).

"If any of the factors are not met, there cannot be a finding of tortious interference with business." *Biglane v. Under The Hill Corp.*, 949 So. 2d 9, 16 (Miss. 2007).

Beyond conclusory assertions in its Motions [5][9], Gray Daniels has not sufficiently explained or demonstrated to the Court how it has suffered actual damage and loss from Gooding's alleged statements. To satisfy this element, Mississippi law requires "actual damages, which are synonymous with compensatory damages; they are substantial, rather than nominal." *Id*. at 17. As

8

stated in this Court's previous Order [6], Gray Daniels has not put forth evidence or allegations of any loss of actual business or customers, or otherwise attempted to explain in any detail how it has actually been damaged. No assertion appears in the Motions that Gray Daniels has actually suffered any loss of sales or business. Gray Daniels has not shown a substantial likelihood of success on the merits of this claim, and thus a preliminary injunction would be improper.

    2.    <u>Gray Daniels Has Not Shown a Substantial Threat that Irreparable Injury Will Result If the Injunction is Not Granted.</u>

"It is thus well-established that an injury is irreparable only if it cannot be undone through monetary remedies." *Dennis Melancon, Inc. v. City of New Orleans*, 703 F.3d 262, 279 (5th Cir. 2012). "Generally[,] slander affords a remedy at law with entitlement to a jury." *Wynn Oil Co. v. Purolator Chem. Corp.*, 536 F.2d 84, 86 (5th Cir. 1976). As far as any injury to itself, Gray Daniels has alleged no "risk of imminent damage beyond the loss of business, and courts frequently have held that such an injury does not warrant a preliminary injunction." *Bond Pharmacy, Inc. v. AnazaoHealth Corp.*, 815 F. Supp. 2d 966, 974 (S.D. Miss. 2011). Gray Daniels alleges that Gooding's "harassment" has "further compromised the personal relationships of other Gray Daniels employees." Am. Mot. [9] at 3. As discussed above, it is not clear whether Gray Daniels can allege injury on behalf of its employees with regard to their personal relationships. Gray Daniels has not clearly shown a substantial threat that it will suffer injuries that cannot be mended with monetary damages.

### 3. Gray Daniels Has Not Shown That Its Threatened Injury Outweighs the Threatened Harm to Gooding.

Gray Daniels has not shown that an injunction would harm Gooding less than the lack of an injunction would harm Gray Daniels. Gray Daniels seeks quite broad relief from this Court, specifically to enter "a preliminary injunction requiring Gooding to immediately cease and desist his publication of any defamatory content attacking the business practices and reputation of Gray Daniels and its employees, including removing any existing content from public view." Am. Mot. [9] at 3. This was the same relief requested in Gray Daniels' Motion for a Temporary Restraining Order. Mot. [3] at 3. In denying that Motion, the Court noted that "[s]uch a broadly worded and conclusory injunction would not give Gooding adequate notice of the wrong enjoined." Order [6] at 9. Gray Daniels has not cured the deficiencies in the relief it seeks.

It is true, as Gray Daniels contends, that Gooding does not have a protected interest in defaming Gray Daniels. But Gray Daniels has not sufficiently articulated to the Court where to draw the line between Gooding's statements that may, and those that do not, fall within the purview of First Amendment protection. Because Gray Daniels seeks to restrict Gooding's speech, an overbroad injunction could possibly infringe on Gooding's rights. For that reason, an "order" issued in "the area of First Amendment rights" must be "precis[e]" and narrowly "tailored" to achieve the "pin-pointed objective" of the "needs of the case." *Carroll v. President and Comm'rs of Princess Anne*, 393 U.S. 175, 183-184 (1968). Similarly, Rule 65(d)(1) requires an order granting an injunction to describe in reasonable detail –

and not by referring to the complaint or other document – the act or acts restrained or required. Gray Daniels has not carried its burden of showing that its threatened injury outweighs the harm of an injunction to Gooding.

4. <u>Gray Daniels Has Not Shown that Granting a Preliminary Injunction Will Not Disserve the Public Interest.</u>

As noted above, an order restraining Gooding's speech may implicate First Amendment issues. Moreover, the content of some of Gooding's alleged statements arguably may touch on areas of public concern, such as alleged racial discrimination in the workplace, equal employment opportunities, and whistleblower protection. It is not clear to this Court that granting a preliminary injunction would not disserve the public interest. Gray Daniels has not clearly carried the burden of persuasion on all four requirements for a preliminary injunction.

5. <u>A Hearing on Gray Daniels' Motions is Not Necessary.</u>

Lastly, the Court notes that it will deny Gray Daniels' Motions without a hearing. The Fifth Circuit has "interpreted the notice requirement of Rule 65(a)(1) to mean that where factual disputes are presented, the parties must be given a fair opportunity and a meaningful hearing to present their differing versions of those facts before a preliminary injunction may be granted." *PCI Transp.*, 418 F.3d at 546 (citations and quotation marks omitted). Nevertheless, "[t]he plaintiff has the burden of introducing sufficient evidence to justify the grant of a preliminary injunction." *Id.* Gray Daniels has not submitted sufficient evidence to support its conclusory allegation that it would suffer irreparable injury. Gray Daniels has had opportunities to present evidence. Gray Daniels has not proffered what evidence,

11

if any, it would produce at a hearing. The lack of such evidence in the present record and Gray Daniels' inability "to establish the existence of a factual dispute on the question whether it would suffer irreparable injury [make] a hearing unnecessary." *Id.* Moreover, as discussed above, Gray Daniels still has not sought from the Court a sufficiently specific and detailed injunctive order, nor shown a legal basis to assert a defamation claim on behalf of its employees.

### III. CONCLUSION

For the foregoing reasons, the Court concludes Gray Daniels has not shown that it is entitled to a preliminary injunction.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that Plaintiff's Motion [5] for a Preliminary Injunction and Amended Motion [9] for a Preliminary Injunction are **DENIED.**

**SO ORDERED AND ADJUDGED**, this the 22nd day of December, 2017.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE